# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

CASE NO.: _____

DEBRA WHEELER,

      Plaintiff,

vs.

BUSEY BANK,
a foreign profit corporation,

      Defendant.

_____/

## NOTICE OF REMOVAL

Defendant, Busey Bank ("Busey"), removes this action, which is pending in the Circuit Court of the Twentieth Judicial Circuit in and for Lee County Florida, Case No. CACE-21-001948 (the "State Court Action"), to the United States District Court for the Middle District of Florida, Fort Myers Division. In support of this Notice of Removal, Busey states the following:

## REMOVAL STANDARD

1.      Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."

2.     Under 28 U.S.C. § 1332, federal courts shall have original jurisdiction of all civil actions where the amount in controversy exceeds $75,000 and is between citizens of different states.

## PAPERS FROM REMOVED ACTION

3.     Pursuant to 28 U.S.C. § 1446(a), Busey attaches to this Notice of Removal a copy of all pleadings, orders and other papers or exhibits of every kind currently on file in the State Court Action. *See* Exhibit 1.

## THE REMOVAL IS TIMELY

4.     Busey was served with the State Court Action on March 30, 2021. Accordingly, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b). *See* 28 U.S.C. § 1446(b) ("notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based").

## VENUE IS PROPER

5.     Venue is proper in this Court because this action is being removed from the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida, and Ms. Wheeler alleges that she worked for Busey in this District. *See* Ex. 1, Compl. at ¶ 4.

## <u>DIVERSITY JURISDICTION</u>

6.      Ms. Wheeler is a resident of the State of Florida. *See* Ex. 1, Compl. at ¶ 3.

7.      Busey Bank is an Illinois-chartered commercial bank with its principal place of business in Champaign, Illinois. *See* Ex. 1, Compl. at ¶ 4. As such, complete diversity exists in that Busey and Ms. Wheeler are citizens of different states for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1).

8.      Ms. Wheeler's claims are in excess of the $75,000.00 jurisdictional threshold. Ms. Wheeler seeks relief including back pay, front pay, benefits, interest on back pay and benefits, compensatory damages, prejudgment interest, costs, attorneys' fees, punitive damages, and injunctive relief.[1] *See* Ex. 1. Prior to filing her State Court Action, Ms. Wheeler made a demand well in excess of the jurisdictional threshold. *See* Ex. 2.

9.      This Court has original subject-matter jurisdiction over this case pursuant to 28 U.S.C. § 1332, and this case is therefore properly removable to this Court pursuant to 28 U.S.C. § 1441 in that it is a civil action between citizens of different states and the amount in controversy exceeds $75,000.

---

[1] Busey does not anticipate that Ms. Wheeler will contest the amount in controversy. At the time of her termination in 2020, Ms. Wheeler earned an annual salary of $122,563.00 plus benefits and the opportunity for bonuses. If necessary, Busey could submit evidence showing Ms. Wheeler's regular pay.

## FILING OF REMOVAL PAPERS

10.     Pursuant to 28 U.S.C. § 1446(d), written notice of removal of this action will be promptly served to Ms. Wheeler.

11.     Concurrent with the filing of this Notice of Removal, Busey has filed a Notice of Filing the Notice of Removal, including a true and correct copy of the Notice of Removal with the Clerk of the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida. *See* Ex. 3.

12.     The undersigned counsel is authorized by Busey to file this Notice of Removal, is licensed to practice law in the state of Florida and is a member in good standing of this Court.

**WHEREFORE**, Busey hereby removes the above-captioned action from the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida, and requests that further proceedings be conducted in this Court as provided by law.

Dated: April 19, 2021                    Respectfully submitted,

By: /s/ Michael A. Holt
    Michael A. Holt
    mholt@fisherphillips.com
    Florida Bar No.: 91156
    Alexander Castro
    acastro@fisherphillips.com
    Florida Bar No.: 1003630
    Fisher & Phillips LLP
    450 East Las Olas Boulevard,
    Suite 800

Fort Lauderdale, Florida 33301
Telephone: (954) 525-4800
Facsimile: (954) 525-8739

*Attorneys for Busey Bank*

## CERTIFICATE OF SERVICE

I hereby certify that on April 19, 2021, the foregoing document has been filed with the Clerk of the Court using the CM/ECF system and a true and correct copy has been provided to all counsel of record or unrepresented parties on the service list below by the method indicated.

/s/ Michael A. Holt
Michael A. Holt

## Service List

George G. Triantis
gtriantis@forthepeople.com
Florida Bar No.: 1015574
Marc R. Edelman
medelman@forthepeople.com
Florida Bar No.: 0096342
MORGAN & MORGAN, P.A.
201 North Franklin Street, Suite 700
Tampa, Florida 33602
Telephone: (813)-223-5505
Facsimile: (813)-257-0572

*Attorneys for Debra Wheeler*

(Service via CM/ECF)


Michael A. Holt
mholt@fisherphillips.com
Florida Bar No.: 91156
Alexander Castro
acastro@fisherphillips.com
Florida Bar No.: 1003630
FISHER & PHILLIPS LLP
450 East Las Olas Boulevard, Suite 800
Fort Lauderdale, Florida 33301
Telephone: (954) 525-4800
Facsimile: (954) 525-8739

*Attorneys for Busey Bank*

(Service via CM/ECF)

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT COURT OF THE <u>TWENTIETH</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>LEE</u>  COUNTY, FLORIDA

<u>Debra Wheeler</u>
Plaintiff

Case # _____
Judge _____

vs.
<u>Busey Bank</u>
Defendant

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☒  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☐  over $100,000.00

### III.    TYPE OF CASE     (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**EXHIBIT 1**

eFiled Lee County Clerk of Courts Page 1

## CIRCUIT CIVIL

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☒ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

## COUNTY CIVIL

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
     ☐ Residential Evictions
     ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.   REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.   NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

   <u>3</u>

**VI.   IS THIS CASE A CLASS ACTION LAWSUIT?**
     ☐ yes
     ☒ no

**VII.   HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
     ☒ no
     ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.   IS JURY TRIAL DEMANDED IN COMPLAINT?**
     ☒ yes
     ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ George Gus Triantis</u>       Fla. Bar # <u>1015574</u>
       Attorney or party           (Bar # if attorney)

<u>George Gus Triantis</u>       <u>03/25/2021</u>
  (type or print name)         Date

**IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT**
**IN AND FOR LEE COUNTY, FLORIDA**
**CIVIL DIVISION**

DEBRA WHEELER,

     Plaintiff,

vs.                             Case No.:  **21-CA-001948**

BUSEY BANK
a foreign profit corporation,

     Defendant.

_____/

## SUMMONS

THE STATE OF FLORIDA:
TO ALL AND SINGULAR THE SHERIFFS OF SAID STATE:
GREETINGS:

YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the complaint or petition in this action upon defendant(s):

**Busey Bank**
**c/o Corporation Service Company (Registered Agent)**
**1201 Hays Street**
**Tallahassee, FL 32301-2525**

     Each defendant is required to serve written defenses to the complaint or petition on George G. Triantis, Esq., plaintiff's attorney, whose address is: 201 N Franklin Street, Suite 700, Tampa, FL 33602, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter.  If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED:  **03/29/2021**

(Court Seal)

                                     LINDA DOGGETT
                                     Clerk of the Court

                                     By:_____
                                     As Deputy Clerk

# IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
## IN AND FOR LEE COUNTY, FLORIDA
## CIVIL DIVISION

DEBRA WHEELER,

     Plaintiff,

vs.                               Case No.:

BUSEY BANK
a foreign profit corporation,

     Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Debra Wheeler, by and through the undersigned counsel, hereby files this Complaint against Defendant, Busey Bank, a foreign profit corporation (hereinafter, "Busey Bank" or "Defendant"), and alleges:

## INTRODUCTION

This is an action for discrimination and retaliation pursuant to the Florida Civil Rights Act of 1992, Fla. Stat. §760.01 *et seq*. ("FCRA"). Up to the time Busey Bank merged with Plaintiff's prior employer Investors Security Trust Co. ("ISTC"), Plaintiffs employment was free from any outward disparate treatment. Unquestionably, Plaintiff is a highly qualified and experienced Private Wealth Advisor with excellent performance and no disciplinary history. However, under Busey Bank's management, Plaintiff immediately experienced numerous instances of discriminatory and retaliatory conduct, based upon sex and age. All said, in late February, 2020 Plaintiff was suddenly informed her position was being "eliminated" due to a purported "reduction in staffing levels." However it became immediately clear her position was "repurposed" of which she was denied the opportunity to be considered. Even more, leading up

to her unlawful termination, Plaintiff became aware her male counterparts (significantly younger) received far better opportunities in regard to high net worth account leads. Plaintiff seeks to recover front pay, back pay, reinstatement, lost benefits, compensatory damages, emotional distress damages, pain and suffering, injunctive relief, reasonable attorneys' fees and costs and any other relief to which Plaintiff is entitled including but not limited to equitable relief.

## JURISDICTION AND VENUE

1.      This is an action for damages that exceeds the sum of THIRTY THOUSAND DOLLARS ($30,000.00), exclusive of costs, interest and attorneys' fees (The estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court). Accordingly, Plaintiff has entered "$30,001" in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the civil cover sheet for jurisdictional purposes only (the Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in the civil cover sheet for data collection and clerical purposes only). The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

2.      Venue lies within Lee County, Florida because a substantial part of the events giving rise to this claim arose in this Judicial Circuit.

## PARTIES

3.      At all times material to the allegations in this Complaint, Plaintiff was a resident of Lee County, Florida.

4.      Busey Bank is a foreign profit corporation with its principal place of business at 100 West University Ave, Champaign, IL 61820. Plaintiff worked for Busey Bank's office

located at 5246 Red Cedar Drive, Suite 101, Fort Myers, FL 33907.  Busey Bank employs more than 25 employees and is a covered employer pursuant to the Florida Civil Rights Act.

## ADMINISTRATIVE PREREQUISITES

5.      All conditions precedent to bringing this action has occurred.

6.      Plaintiff timely filed her original Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations (FCHR) on or around May 12, 2020.

7.      Jurisdiction over this claim is appropriate pursuant to Fla. Stat. Chap. 760 (FCRA), because more than 180 days have passed since the filing of the charge.

## GENERAL ALLEGATIONS

8.      At all times material, Busey Bank acted with malice and with reckless disregard for Plaintiff's state protected rights.

9.      At all times material, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employer.

10.     Plaintiff has been required to retain the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

## STATEMENT OF FACTS

11.     Plaintiff is female.

12.     Plaintiff was hired by Investors Security Trust Co. ("ISTC") on July 15, 2013 as a Vice President/Trust Officer.

13.     On or around August 31, 2019, ISTC merged with Busey Bank.

14.     For purposes of this action, Plaintiff was a Senior Vice President/Private Wealth Advisor for Busey Bank, until she was unlawfully terminated because of her age, 64, and sex,

3

female, on March 5, 2020.

15.     Plaintiff met or exceeded Busey Bank's performance expectations during the entire duration of her employment.

16.     Suddenly, on February 24, 2020, Plaintiff was informed her position was being eliminated effective March 5, 2020 due to purported "consolidation."

17.     That same day, through an office wide e-mail, Plaintiff found out her position was in fact "repurposed" not eliminated.  Plaintiff was replaced by an individual 15 years (or more) younger.

18.     During this time, the Executive Managing Director repeatedly suggested "let's just tell your customers you are retiring."   Plaintiff objected, and told him she intended to continue working.  Plaintiff even asked to continue employment through the end of the year in order to explore other employment opportunities.  Plaintiff's pleas were ultimately ignored.

19.     To add insult to injury, Plaintiff later learned local managers informed customers "she was retiring."

20.     In fact, Plaintiff was denied the opportunity to apply for the purported "repurposed" position, even though she was significantly more qualified than her successor.

21.     Plaintiff was one of several older employees whose positions were purportedly "eliminated" and/or "repurposed."   In fact, an older female position eliminated included Janis Kelly, 64; among others.

22.     Plaintiff was also deprived of the same opportunities as her male counterparts. Upon information and belief, Mr. Chris Gair, 73, a male counterpart, was allowed to work until his planned retirement on or around June 30, 2020.  Additionally, a younger male employee with less experience and inferior credentials was retained.  In fact, while employed with Busey Bank,

4

the Executive Managing Director funneled leads and high net worth accounts to significantly younger male employees.  Simply put, Plaintiff was not given the same opportunities to succeed.

23.     The contemporaneous documentary evidence shows Busey Bank's purported "legitimate non-discriminatory" reason for terminating Plaintiff's employment is pre-text for unlawful discrimination.

24.     Any reduction in "client-facing wealth management staff in the region" is patently false.

25.     To the extent Busey Bank claims Plaintiff's performance was a motivating factor in her termination, in her last performance review from 2018, Plaintiff met or exceeded all standards.   To the extent Plaintiff's "book of business" was smaller than her comparators, Plaintiff maintains it was due to sex and age discrimination; not a reflection of her abilities.

26.     Upon information and belief, Plaintiff was not compensated in the same manner as her male colleagues.

27.     Plaintiff was targeted for termination because of her age and sex.

28.     Plaintiff's termination was pre-text for unlawful age and sex discrimination.

29.     Busey Bank retaliated against Plaintiff for opposing unlawful discrimination and for exercising her protected rights in violation of the Florida Civil Rights Act ("FCRA").

### COUNT I
### VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
### (Age Discrimination)

30.     Plaintiff re-alleges and re-adopts paragraphs 1 through 29 of this Complaint as if fully set forth herein.

31.     Plaintiff is a member of a protected class under the Florida Civil Rights Act based upon her age, 64, at the time of her unlawful termination.

32.     By the conduct described above, Busey Bank engaged in unlawful employment practices and discriminated against Plaintiff on account of her age in violation of Statute § 760.10 (l)(a) of the Florida Civil Rights Act.

33.     Busey Bank's acts were intentional, with malice, and in violation of Plaintiff's protected civil rights.

34.     Busey Bank knew, or should have known of the unlawful discrimination and retaliation.

35.     Plaintiff suffered emotional pain and mental anguish as a direct result of Busey Bank's unlawful discrimination and retaliation.

36.     Plaintiff has suffered pecuniary losses as a direct result of Busey Bank's unlawful discrimination and retaliation.

37.     Plaintiff has been damaged and continues to be damaged by Busey Bank's illegal conduct, discriminatory actions, and retaliation.

WHEREFORE, Plaintiff demands:

a.      back pay and benefits;

b.      interest on back pay and benefits;

c.      front pay and benefits;

d.      compensatory damages for emotion pain and suffering;

e.      for costs and attorneys' fees;

f.      injunctive relief; and

g.      for any other relief this Court deems just and equitable.

6

## COUNT II
## VIOLATION OF FLORIDA CIVIL RIGHTS ACT
### (Sex Discrimination)

38.     Plaintiff re-alleges and re-adopts paragraphs 1 through 29 of this Complaint as if fully set forth herein.

39.     Plaintiff is a member of a protected class under the FCRA due to her sex, female.

40.     By the conduct described above, Busey Bank engaged in unlawful employment practices and discriminated against Plaintiff on the basis of her sex, female, in violation of the FCRA.

41.     Busey Bank knew or should have known of the discrimination.

42.     The above discrimination was done by Busey Bank with a reckless disregard for Plaintiff's rights under state law.   As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

WHEREFORE, Plaintiff demands:

     a.   Back pay and benefits;

     b.   Interest on back pay and benefits;

     c.   Front pay and benefits;

     d.   Compensatory damages for emotional pain and suffering;

     e.   Injunctive relief;

     f.   Prejudgment interest;

     g.   Costs and attorney's fees;

     h.   Punitive Damages; and

     i.   For such other relief as the arbitrator may deem just and proper.

## COUNT III
## VIOLATION OF FLORIDA CIVIL RIGHTS ACT
### (Retaliation)

43.    Plaintiff re-alleges and re-adopts paragraphs 1 through 29 of this Complaint as if fully set forth herein.

44.    Plaintiff is a member of a protected class under the FCRA because she engaged in protective activities.

45.    During her employment with Busey Bank, Plaintiff reasonably expressed concerns to Busey Bank about conduct that constituted unlawful sex and age discrimination which created a sufficiently severe or pervasive work conditions and created a hostile or abusive working environment in violation of the FCRA.  As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Busey Bank under the FCRA.

46.    In response to Plaintiff's concerns, Busey Bank failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaints of sex and age discrimination.

47.    Busey Bank also failed to take necessary precautions to prevent further recurrences of the discriminatory conduct complained of by Plaintiff.

48.    On March 5, 2020, Busey Bank unlawfully terminated Plaintiff's employment.

49.    Plaintiff's employment unlawfully ended with Busey Bank because Plaintiff expressed concerns to Busey Bank about sex and age discrimination in the workplace and Busey Bank failed to take any action to remedy Plaintiff's concerns.

50.    Busey Bank's actions were negligent and, in addition, were taken with malice or reckless indifference to Plaintiff's statutorily protected rights.

WHEREFORE, Plaintiff demands:

a.   Back pay and benefits;

b.   Interest on back pay and benefits;

c.   Front pay and benefits;

d.   Compensatory damages for emotional pain and suffering;

e.   Injunctive relief;

f.   Prejudgment interest;

g.   Costs and attorney's fees;

h.   Punitive Damages; and

i.   For such other relief as the arbitrator may deem just and proper.

## **DEMAND FOR A JURY TRIAL**

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated this 25th day of March, 2021.

/s/ *George G. Triantis*
**GEORGE G. TRIANTIS, ESQ.**
Florida Bar No.: 1015574
**MARC R. EDELMAN, ESQ.**
Florida Bar No.: 0096342
**MORGAN & MORGAN, P.A.**
201 N. Franklin Street, Suite 700
Tampa, Florida 33602
Telephone: 813.223.5505
Facsimile: 813.257.0572
E-mail: Gtriantis@forthepeople.com
E-mail: Medelman@forthepeople.com
*Attorneys for Plaintiff*

9

**IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT**
**IN AND FOR LEE COUNTY, FLORIDA**
**CIVIL DIVISION**

DEBRA WHEELER,

     Plaintiff,

vs.                                  Case No.:

BUSEY BANK
a foreign profit corporation,

     Defendant.

_____/

### PLAINTIFF'S FIRST REQUEST TO PRODUCE TO DEFENDANT

Plaintiff, Debra Wheeler, by and through the undersigned attorney, requests the

Defendant, Busey Bank, to produce the following documents, attached hereto as Exhibit "A," for

Plaintiff's inspection and/or copying, within forty-five (45) days after the date of service hereof, at

the law offices of MORGAN & MORGAN, P.A., 201 North Franklin Street, Suite 700, Tampa,

Florida 33602.

/s/ *George G. Triantis*
**GEORGE G. TRIANTIS, ESQ.**
Florida Bar No.: 1015574
**MARC R. EDELMAN, ESQ.**
Florida Bar No.: 0096342
**MORGAN & MORGAN, P.A.**
201 N. Franklin Street, Suite 700
Tampa, Florida 33602
Telephone: 813.223.5505
Facsimile: 813.257.0572
E-mail: Gtriantis@forthepeople.com
E-mail: Medelman@forthepeople.com
*Attorneys for Plaintiff*

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on this 25th day of March, 2021, a true and correct copy of the

foregoing has been filed with the Clerk of the Court and will be served by Process Server to

Registered Agent for Defendant along with initial process to:

Busey Bank
c/o Corporation Service Company, Registered Agent
1201 Hays Street
Tallahassee, FL 32301-2525

*<u>/s/ George G. Triantis</u>*
**GEORGE G. TRIANTIS, ESQ.**

**EXHIBIT "A"**

## I.   <u>DEFINITIONS AND INSTRUCTIONS</u>

The following definitions and instructions are incorporated by reference whenever applicable in this document.

1.      The terms "you," "your," or "Defendant," as used herein, shall mean Defendant, Busey Bank, and its servants, agents, employees, representatives, divisions, attorneys, and anyone else acting on its behalf.

2.      The term "person," or "persons," as used herein, shall include any natural person, partnership, firm, corporation, trust, association, joint venture, public entity, business organization, or other legal entity.

3.      The term "Plaintiff," as used herein, shall mean Plaintiff, Debra Wheeler.

4.      The term "document," or "documents," as used herein, shall mean the original, or a copy of any kind, of written, typewritten, printed, or recorded material whatsoever, including, but not limited to, notes, memoranda, letters, diaries, calendars, articles, telegrams or other correspondence, worksheets, recordings, studies, analyses, opinions, books, reports, transcriptions of recordings, information retrievable from computers, pictures, drawings, photographs or other graphic representations, and any other physical means of communication, including tape recordings and magnetic tape. The term specifically includes any drafts, whether or not used, of the foregoing, and any altered or annotated copies of the foregoing.

5.      The term "Complaint," as used herein, shall mean the Complaint filed in this action.

6.      The term "personnel file," as used herein, shall include any and all records maintained either in the normal course of business or for any special purpose with respect to the

3

application, course of employment, and termination of any employee of Defendant, and specifically includes, but is not limited to, applications, disciplinary notices, performance evaluations, employment histories or summaries, records of residential addresses and telephone numbers, termination notices, job assignment or classification records, compensation and other similar records. For purposes of this request, the term "personnel record" need not include records of medical benefits, condition, or claims; designations of, or changes in, beneficiary; garnishments; income tax records; or insurance benefits, except as pertaining to Plaintiff's records.

7.      If any document is withheld under a claim of privilege or other protection, please provide all of the following information with respect to any such document, so as to aid the Court and the parties hereto in determining the validity of the claim of privilege or other protection:

      a.      The identity of the person(s) who prepared the document and who signed the document, and over whose name it was sent or issued;

      b.      The identity of the person(s) to whom the document was directed;

      c.      The nature and substance of the document, with sufficient particularity to enable the Court and the parties thereto to identify the document;

      d.      The date of the document;

      e.      The identity of the person(s) who has (have) custody of, or control over, the document and each copy thereof;

      f.      The identity of each person to whom a copy of the document was furnished;

      g.      The number of pages of the document;

      h.      The basis on which any privilege or other protection is claimed;

4

    i.      Whether any non-privileged or non-protected matter is included in the document.

## II.   <u>**DOCUMENTS TO BE PRODUCED**</u>

1. Plaintiff's entire personnel file or any other documents relating to Plaintiff or her employment with Defendant, including but not limited to the terms and conditions of Plaintiff's employment with Defendant, her position, duties, responsibilities, salary, bonuses, health insurance benefits, life insurance benefits, and retirement benefits, and all documents which Plaintiff may have used or signed as part of her employment with Defendant.

2. Any and all job descriptions for any position held by Plaintiff during her employment with Defendant.

3. All documents relating to Plaintiff's performance as an employee.

4. All documents relating to the reasons for Plaintiff's termination/separation.

5. Any disciplinary memos or write ups of Plaintiff (if not contained within her personnel file).

6. Any awards or commendations given to Plaintiff during her employment with Defendant.

7. All employee handbooks or policy manuals in effect during Plaintiff's employment.

8. All human resource training manuals in effect during Plaintiff's employment.

9. All polices policies and procedures with respect to conducting exit interviews with departing employees.

10. Plaintiff's exit interview.

11.     Any organizational chart, graph, or writing that describes or illustrates the supervisory hierarchy or chain-of-command of Defendant during the three years preceding Plaintiff's termination.

12.     Any and all notes, memoranda, letters or other document, electronic or otherwise, either received by Plaintiff or sent by Plaintiff relating to Plaintiff's complaints of age discrimination.

13.     Any and all notes, memoranda, letters or other document, electronic or otherwise, either received by Defendant or sent by Defendant relating to Plaintiff's complaints of sex discrimination.

14.     A roster of all of Defendant's employees who reported to Busey Bank's Florida Wealth Management Office (remotely and in-person) located at 5246 Red Cedar Drive, Suite 101, Fort Myers, FL 33907, 2 years preceding Plaintiff's termination, including each such individual's name, contact information, position(s) held, date(s) of employment, date(s) of hire, date(s) of termination.

15.     A roster of all of Defendant's employees who reported to Busey Bank's Florida Wealth Management Office (remotely and in-person) located at 5246 Red Cedar Drive, Suite 101, Fort Myers, FL 3390, following Plaintiff's termination (March 5, 2020 to present), including each such individual's name, contact information, position(s) held, date(s) of employment, date(s) of hire, date(s) of termination.

16.     A roster of all of Defendant's employees who complained and/or reported sex discrimination and/or retaliation who reported to Busey Bank's Florida Wealth Management Office (remotely and in-person) located at 5246 Red Cedar Drive, Suite 101, Fort Myers, FL 3390, 2 years preceding Plaintiff's termination.

6

17.     A roster of all of Defendant's employees who complained and/or reported age discrimination and/or retaliation who reported to Busey Bank's Florida Wealth Management Office (remotely and in-person) located at 5246 Red Cedar Drive, Suite 101, Fort Myers, FL 3390, 2 years preceding Plaintiff's termination.

18.     Any and all documents, e-mails or correspondence relating to any complaints related to age discrimination and/or retaliation received by Defendant in the three years preceding Plaintiff's termination.

19.     Any and all documents, e-mails or correspondence relating to any complaints related to sex discrimination and/or retaliation received by Defendant in the three years preceding Plaintiff's termination.

20.     Any and all documents or other materials created as a result of any investigation into Plaintiff's claims in this matter.

21.     Any documents identifying by name, age, sex, and tenure of all Private Wealth Advisors located in the state of Florida in the three years preceding Plaintiff's termination.

22.     Any and all documents use to respond or which related to Defendant's Answers to Plaintiff's First Set of Interrogatories.

23.     A privilege log of any documents withheld by Defendant responsive to Plaintiff's First Request for Production.

**IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT**
**IN AND FOR LEE COUNTY, FLORIDA**
**CIVIL DIVISION**

DEBRA WHEELER,

      Plaintiff,

vs.                               Case No.:

BUSEY BANK
a foreign profit corporation,

      Defendant.

_____/

**PLAINTIFF'S FIRST REQUEST**
**FOR ADMISSIONS TO DEFENDANT**

Plaintiff, Debra Wheeler, by and through the undersigned attorney, propounds the following First Requests for Admissions (the "Admission Requests") to Busey Bank, ("Defendant") to be answered within forty-five (45) days after the date of service hereof, at the law offices of MORGAN & MORGAN, P.A., 201 North Franklin Street, Suite 700, Tampa, Florida 33602.

## I.    <u>INSTRUCTIONS</u>

1.    You must serve a written answer or objection to each admission request within thirty (30) days after service of the request or else the matter is admitted.

2.    You must state the reasons for any objection.  In the event you decline to respond to any admission request on the basis of a claim of privilege, please state the privilege relied upon and the facts supporting such claim of privilege.

3.    You must specifically deny the matter or set forth in detail the reasons why you cannot truthfully admit or deny the matter.

4.    Any denial you make must fairly meet the substance of the admission request, and

when good faith requires you to qualify your answer or deny only a part of the matter for which an admission is requested, you shall specify so much of it as is true and qualify or deny the remainder.

5.      In the event a lack of information or knowledge is the reason for your failure to admit or deny, you must state that you made a reasonable inquiry and that the information known or readily attainable by you is insufficient to enable you to admit or deny.

6.      You must pay any expenses, including legal fees, under the Florida Rules of Civil Procedure, incurred by the Plaintiff(s) to prove a matter which you improperly fail to admit.

## II.      DEFINITIONS

The following terms shall have the following meanings:

1.      "Any" shall include and encompasses "all."

2.      "Communication" shall refer to an instance in which words or information are transferred or transmitted between two or more persons by whatever manner or means, and regardless of how or by whom the communication was initiated including, but not limited to, correspondence, conversations, instructions, meetings, requests, demands, and conferences.

3.       "Plaintiff" shall refer to Debra Wheeler.

4.      "Defendant" shall refer to Busey Bank including any subsidiaries, affiliates or other entities.

5.      "You" (or "your") shall refer to Defendant and/or any managers, directors, administrators, officers, executives, agents, contractors, fiduciaries, employees or other representatives of Defendant.

6.      "Person" shall refer to any natural person or other legal entity, including without limitation any corporation, partnership, business, trust, agency, joint venture, or governmental

eFiled Lee County Clerk of Courts Page 2

organization, department, or entity.

7.      "Describe" shall mean to identify, express, explain, set forth, relate, recount, depict, and/or delineate. A description of an oral or written communication includes an identification of the communicators, the date(s), and substance of the communication.

8.      "Identify," when used in relation to a natural person, means to provide sufficient information about the person to identify that person and make arrangements for service of a subpoena including the person's (a) full name, (b) last known employer and occupation, (c) last known business address and telephone number, (d) title and dates of service, and (e) last known residence address and telephone number.

9.      "Identify," when used in relation to an entity, means to provide sufficient information about the entity to identify that entity and make arrangements for service of a subpoena including the (a) full name of the entity, (b) legal form of the entity (whether it is a corporation, partnership, etc.), (c) state of incorporation (if any), (d) date of incorporation or the date the business relationship was established, (e) address and telephone number of the headquarters, (f) address and telephone number of the principal place of business, (g) person designated for service of process, and (h) address designated for service of process.

10.      "Identify," when used in relation to a document, means to either (a) furnish a clear and legible copy of the document in question or (b) describe the document with sufficient particularity such that a formal request or subpoena for its production may be made, including the identity of the document's the custodian, (2) the date(s) that the document was signed, (3) the date the document was produced (if it was not signed), (4) the identity of the document's author, (5) a summary of the nature of the document's contents, and (6) the identity of the person whose testimony could be used to authenticate each document and who could lay the foundation for its

introduction into evidence.

11.      The terms "document" and "documents" include, without limitation, any typewritten, handwritten, graphic, photographic, printed or otherwise recorded matter or recording of symbols in tangible form, however produced or reproduced, of every kind and regardless of where located, which is in your possession, custody, or control or in the possession, custody, or control of any servant or agent of you or of your attorneys. The terms include electronically recorded information, such as electronic mail ("email"), html files, databases, data processing cards or tapes, computerized data, computer diskettes, or information otherwise contained on a computer's hard drive, disks or backup tapes, video tapes, audio tapes, view-graphs, any information maintained on digital, electronic, magnetic or other media, and any other summary, schedule, memorandum, note, statement, letter, telegram, interoffice communication, report, diary, worksheet, list, graph, chart, index, tape recording, partial or complete report of telephone or oral conversation, transcript or minutes, compilation, tabulation, study, analysis, or other such writing or recording. Electronically recorded information shall also be produced in native format and any metadata shall be included.

12.      The terms "document" and "documents" include any originals, all file copies, all other copies, no matter how prepared, and all drafts prepared in connection with such documents, whether or not used, as well as the folder in which the documents are maintained. A draft or non-identical copy of a document, including a copy or duplicate of a document which has any nonconforming notes, marginal annotations or other markings, and any preliminary version, draft or revision of the foregoing, is a separate document within the meaning of these terms.

13.      "Metadata" means the data found within documents. It includes all electronically stored information that describes or defines the document that is not generally visible in the

4

ordinary electronic display or printing of the document. Common examples include comments, markups, revisions, the author's name, the owner's name, the names of those who have edited the document, creation dates, edit dates, and other information including, but not limited to, records of past versions and drafts.

14.     "Native format," as it relates to the production of electronic data, means the file format in which the document is ordinarily read and written by its related software application. For example, a Microsoft Word 2003 document has a native format of .doc while an Adobe Acrobat document has a native format of .pdf.

15.     "Relating to" means regarding, supporting, tending to support, refuting, tending to refute, or concerning (including, mentioning, stating, discussing, summarizing, describing, reflecting, containing, referring to, depicting, connected with, embodying, evidencing, constituting, comprising, reporting, pertaining to, or having any connection with or bearing upon), directly or indirectly, the matter in question.

### III.     PLAINTIFF'S ADMISSION REQUESTS

1.     Admit Defendant was a covered employer pursuant to the Florida Civil Rights Act ("FCRA").

2.     Admit Plaintiff was a covered employee pursuant to the FCRA.

3.     Admit Defendant was Plaintiff's employer.

4.     Admit Plaintiff was qualified for her position.

5.     Admit Defendant was aware of Plaintiff's age, 64, at the time of her termination.

6.     Admit Defendant received timely notice of Plaintiff's charge of discrimination and retaliation filed with the Equal Employment Opportunity Commission ("EEOC") attached hereto as Exhibit "A."

5

7.    Admit Defendant received timely notice of Plaintiff's charge of discrimination and retaliation filed with the Florida Commission on Human Relations ("FCHR") attached hereto as Exhibit "A."

8.    Admit Plaintiff was informed on February 24, 2020 her position was being eliminated effective March 5, 2020.

9.    Admit Plaintiff never received any formal discipline from Defendant.

10.    Admit Plaintiff never received any write-ups from Defendant.

/s/ *George G. Triantis*
**GEORGE G. TRIANTIS, ESQ.**
Florida Bar No.: 1015574
**MARC R. EDELMAN, ESQ.**
Florida Bar No.: 0096342
**MORGAN & MORGAN, P.A.**
201 N. Franklin Street, Suite 700
Tampa, Florida 33602
Telephone: 813.223.5505
Facsimile: 813.257.0572
E-mail: Gtriantis@forthepeople.com
E-mail: Medelman@forthepeople.com
*Attorneys for Plaintiff*

**<ins>CERTIFICATE OF SERVICE</ins>**

I HEREBY CERTIFY that on this 25th day of March, 2021, a true and correct copy of the foregoing has been filed with the Clerk of the Court and will be served by Process Server to Registered Agent for Defendant along with initial process to:

Busey Bank
c/o Corporation Service Company, Registered Agent
1201 Hays Street
Tallahassee, FL 32301-2525

/s/ *George G. Triantis*
**GEORGE G. TRIANTIS, ESQ.**

6

# EXHIBIT "A"

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☒ FEPA<br>☒ EEOC | |

**Florida Commission On Human Relations** and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Ms. Debra Wheeler** | **239-357-2743** | **02/24/1956** |

| Street Address | City, State and ZIP Code |
|---|---|
| **c/o Marc Edelman, Morgan & Morgan, P.A., 201 N. Franklin Street, 7th Floor, Tampa, FL 33602** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **BUSEY BANK, A/K/A BUSEY WEALTH MANAGEMENT (F/K/A IST)** | **25+** | **309-347-0286** |

| Street Address | City, State and ZIP Code |
|---|---|
| **5246 RED CEDAR DR - SUITE 101    FT MYERS, FL 33907** | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN

☐ RETALIATION  ☒ AGE  ☐ DISABILITY  ☐ OTHER

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **01/06/2017**   Latest **03/05/2020**

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

**I:     PERSONAL HARM:** My name is Debra Wheeler.  I was hired by Investors Security Trust Co. ("ISTC") on July 15, 2013 as a Vice President/Trust Officer.  On or around August 31, 2019, ISTC merged with Busey Bank.  For purposes of this charge, I was employed with Busey Bank.  My position was Senior Vice President/Private Wealth Advisor, until I was unlawfully terminated because of my age, 64, and sex, female, on March 5, 2020.  I met or exceeded all performance standards while employed with ISTC and Busey Bank.

I am 64 years old.  On February 24, 2020, I was informed my position was being eliminated effective March 5, 2020 due to "consolidation".  The Executive Managing Director repeatedly suggested "let's just tell your customers you are retiring."  I objected, and told him I intended to continue working.  I asked to continue employment through the end of the year.  My request was rejected.

I was replaced by a person 15 years (or more) younger and later learned local managers told customers I was retiring.  Respondent had purportedly "repurposed" my position for my replacement.  I was denied the opportunity to apply, even though I was more qualified than my successor, including experience and education.  I was not the only older employee whose position was purportedly "eliminated."  Other "older" female positions eliminated included Janis Kelly, 64, and Jacque Sanders, 67; among others.

In regard to my claim of sex discrimination, Chris Gair, 73, a male counterpart was allowed to work until his planned retirement on June 30, 2020.  Additionally, a younger male employee with less experience and inferior credentials was retained.  While he and I were both employed, the Executive Managing Director funneled leads and high net worth accounts to the male employees while I was not given the same opportunities.

In short, I believe I was terminated on the basis of my age.  Similarly, while employed, I received inferior opportunities and assignments compared to younger male employees.

**II:     RESPONDENT'S REASON FOR ADVERSE ACTION:** Respondent asserts I was terminated because my position had been "re-purposed."  Respondent's assertion for termination is pretext for age and sex discrimination.  The "new position" was never posted; I was denied the opportunity to apply; and I was replaced by a younger, less qualified applicant.

**III:    STATEMENT OF DISCRIMINATION: I believe I was discriminated against on the basis of my age, 64, and sex, female, in violation of the Age Discrimination in Employment act ("ADEA"), Title VII of the Civil Rights Act of 1964, and Florida Civil Rights Act, Ch. 760, Florida Statutes.**

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| *Belinda A. Griffin*<br>—————————————<br>Notary Public | *Debra Wheeler*<br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(*month, day, year*) 05/12/2020 |
| | By Debra Wheeler, in the State of Virginia, Loudoun County. |



Notarized online using audio-video communication

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1.   **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (5/01).

2.   **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117.

3.   **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4.   **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws).  Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination.  This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions.  A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5.   **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of.  Without a written charge, EEOC will ordinarily not act on the complaint.  Charges under Title VII or the ADA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed.  Charges may be clarified or amplified later by amendment.  It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA.  Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements.  You will be told which agency will handle your charge.  When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter.  Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings.  Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge.  Under Section 704(a) of Title VII, Section 4(d) of the ADEA, and Section 503(a) of the ADA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

## IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
## IN AND FOR LEE COUNTY, FLORIDA
## CIVIL DIVISION

DEBRA WHEELER,

     Plaintiff,

vs.                              Case No.:

BUSEY BANK
a foreign profit corporation,

     Defendant.

_____/

## PLAINTIFF'S NOTICE OF SERVING FIRST SET
## OF INTERROGATORIES TO DEFENDANT BUSEY BANK

Pursuant to Florida Rules of Civil Procedure 1.340, Plaintiff, Debra Wheeler, by and through the undersigned attorney, hereby gives Notice of Service of Plaintiff's First Set of Interrogatories propounded to Defendant, Busey Bank, (hereinafter, referred to as "Defendant") to be answered within thirty (45) days of service hereof.

                                  **/s/ *George G. Triantis***
                                  **GEORGE G. TRIANTIS, ESQ.**
                                  Florida Bar No.: 1015574
                                  **MARC R. EDELMAN, ESQ.**
                                  Florida Bar No.: 0096342
                                  **MORGAN & MORGAN, P.A.**
                                  201 N. Franklin Street, Suite 700
                                  Tampa, Florida 33602
                                  Telephone: 813.223.5505
                                  Facsimile: 813.257.0572
                                  E-mail: Gtriantis@forthepeople.com
                                  E-mail: Medelman@forthepeople.com
                                  *Attorneys for Plaintiff*

1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of March, 2021, a true and correct copy of the foregoing has been filed with the Clerk of the Court and will be served by Process Server to Registered Agent for Defendant along with initial process to:

Busey Bank
c/o Corporation Service Company, Registered Agent
1201 Hays Street
Tallahassee, FL 32301-2525

/s/ *George G. Triantis*
**GEORGE G. TRIANTIS, ESQ.**

2

3/29/2021 1:12 PM FILED LEE COUNTY CLERK OF COURTS

IN THE CIRCUIT COURT FOR THE TWENTIETH JUDICIAL CIRCUIT IN AND FOR
LEE COUNTY, FLORIDA                                              CIVIL ACTION

CASE NO: 21-CA-001948

Wheeler, Debra
   Plaintiff
vs
Busey Bank
   Defendant
_____/

## STANDING ORDER IN CIVIL CASES IN THE TWENTIETH JUDICIAL CIRCUIT

### Amended March 10, 2020

PURSUANT to Florida Rule of Civil Procedure 1.200(a), Florida Rule of Judicial Administration 2.545, and Administrative Order 1.13 entered by the Chief Judge of this Circuit, the parties are ordered to adhere to the following information and procedures applicable to civil lawsuits:

1. **SERVICE OF THIS ORDER.** The Plaintiff is directed to serve a copy of this order with each Summons issued in this case. One copy of this Order is to be filed with the Clerk of the Circuit Court with proof of service. The Plaintiff shall pay the appropriate statutory clerk's fees on copies for each Standing Order issued and attached to the Summons.

2. **CIVIL CASE MANAGEMENT SYSTEM.** The Supreme Court of Florida has established guidelines for the prompt processing and resolution of civil cases. This Court has adopted a case management system to help meet those guidelines. In contested cases (other than residential mortgage foreclosures which have a separate standing order and case management track), and involuntary commitment of sexually violent predators "Jimmy Rice" cases unless otherwise ordered by the presiding judge, the parties are required to participate in the case management system. The case management system requires early consultation and cooperation among the parties for the preparation and submission of an Agreed Case Management Plan, early interaction with a Civil Case Manager and early involvement by the Court. The Agreed Case Management Plan requires the parties to identify a case track, confer in a good faith attempt to narrow the matters in controversy, identify the issues that require direct involvement by the Court, and establish a schedule for addressing those issues.[1] The Agreed Case Management Plan may be accessed at the Court's website at: [http://www.ca.cjis20.org/web/main/civil.asp].

Unless all of the Defendants have been served and have defaulted, an Agreed Case Management Plan will be submitted to Lee County Civil Case Management, at 1700 Monroe Street Fort Myers, Florida 33919 or by email to Civilcm@Ca.cjis20.org, on or before 150 days from the date of filing of the initial complaint. If all defendants have been defaulted an Agreed Case Management Plan is not required and the plaintiff shall file a Motion for a Default Final

---

[1] Case Track options include Expedited, Standard or Complex. Case Tracks have been established in order to comply with the case disposition standards set forth in Florida Rule of Judicial Administration 2.250(a)(1)(B).

Judgment and set same for an evidentiary hearing. If the parties are unable to agree on an Agreed Case Management Plan, a case management conference will be scheduled by the Court.  If a case management conference is scheduled, attendance by trial counsel and those parties who are not represented by counsel is mandatory.

3. **ALTERNATIVE DISPUTE RESOLUTION (ADR).**  ADR provides parties with an out-of-court alternative to settling disagreements.  The Court requires the parties to participate in ADR prior to trial.  Mediation is mandatory unless the parties agree to another form of ADR.  Mediation is a conference at which an independent third party attempts to arrange a settlement between the parties. Non-binding arbitration maybe required for jury trials of more than 3 days and non jury trials of more than 2 days or less at the discretion of the presiding judge.

4. **RULES OF PROFESSIONALISM.**  The Twentieth Judicial Circuit has adopted Administrative Order 2.20, which sets forth standards of professional courtesy and conduct for all counsel or pro-se litigants practicing within the Circuit.  The Court requires that all familiarize themselves and comply with Administrative Order 2.20.  Administrative Order 2.20 may be viewed on the Court's website at: http://www.ca.cjis20.org/web/main/ao_admin.asp

5. **CONTACT INFORMATION.** Attorneys and self-represented litigants are required to keep the court apprised of their current address, telephone and email address. This information is also required to be included in all pleadings filed in your case.

**DONE AND ORDERED** in Chambers at Fort Myers, Lee County, Florida.


/s/Alane C. Laboda
Administrative Circuit Judge


**\*\*\*\*Original on file in the office of the Circuit Court Administrative Judge, Lee County**

## RETURN OF SERVICE

State of Florida                    County of Lee                    Circuit Court

Case Number: 21-CA-1948

Plaintiff:
**DEBRA WHEELER**

vs.

Defendant:
**BUSEY BANK**

JMS2021001277

For:
George E. Triantis, Esq.

Received by PARALAW SERVICES on the 30th day of March, 2021 at 10:17 am to be served on **BUSEY BANK c/o Corporation Service Company, Registered Agent, 1201 Hays Street, Tallahassee, FL 32301.**

I, Christopher S. Kady, do hereby affirm that on the **30th day of March, 2021 at 11:20 am, I:**

served a CORPORATE, PARTNERSHIP, ASSOCIATION OR GOVERNMENT SERVICE by delivering a true copy of the **Summons, Complaint, Request for Admissions, Request to Produce, Interrogatories w/Notice and Standing Order** with the date and hour of service endorsed thereon by me, to: **Kaneisha Gross** as Service Liaison authorized to accept service, of the within named corporation, at the address of: **C/O: Corporation Service Company Registered Agent, 1201 HAYS ST, TALLAHASSEE, FL 32301** on behalf of **BUSEY BANK**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 30, Sex: F, Race/Skin Color: White, Height: 5'11", Weight: 185, Hair: Black, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.                    "Under penalties of perjury, I declare that I have read the foregoing document and that the facts in it are true" F.S. 92.525. NOTARY NOT REQUIRED PURSUANT TO FS 92.525

Christopher S. Kady
Process Server #287

PARALAW SERVICES
P.O. BOX 13434
Tampa, FL 33681
(813) 846-5869

Our Job Serial Number: JMS-2021001277
Ref: 1277/11928

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.1z

Filing # 123788170 E-Filed 03/25/2021 04:04:51 PM

Served Date: __MAR 3 0 2021__ Time: __11:20__
Christopher Kady #237
2nd Judicial Circuit

## IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
## IN AND FOR LEE COUNTY, FLORIDA
## CIVIL DIVISION

DEBRA WHEELER,

      Plaintiff,

vs.

Case No.: 21-CA-001948

BUSEY BANK
a foreign profit corporation,

      Defendant.

_____/

### SUMMONS

THE STATE OF FLORIDA:
TO ALL AND SINGULAR THE SHERIFFS OF SAID STATE:
GREETINGS:

YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the complaint or petition in this action upon defendant(s):

**Busey Bank**
**c/o Corporation Service Company (Registered Agent)**
**1201 Hays Street**
**Tallahassee, FL 32301-2525**

      Each defendant is required to serve written defenses to the complaint or petition on George G. Triantis, Esq., plaintiff's attorney, whose address is: 201 N Franklin Street, Suite 700, Tampa, FL 33602, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED: __03/29/2021__

(Court Seal)

LINDA DOGGETT
Clerk of the Court

By: _____
As Deputy Clerk

**Holt, Michael**

---

| | |
|---|---|
| **From:** | George Triantis <gtriantis@forthepeople.com> |
| **Sent:** | Thursday, February 25, 2021 4:39 PM |
| **To:** | Holt, Michael |
| **Cc:** | Kelsey Morton; Marc Edelman; Danielle Chapman |
| **Subject:** | 10565745 Wheeler, Debra vs. Busey Bank: |
| **Attachments:** | Complaint (DRAFT).pdf |

Good afternoon, Mr. Holt:

As you may know our firm represents Ms. Debra Wheeler in regard to her unlawful separation with Busey Bank. Before filing the attached complaint, we are reaching out to assess your clients interest in resolving this matter, pre-suit, in a confidential manner. Ms. Wheeler has authorized us to settle her claims for $495,000 inclusive of attorney's fees and costs subject to mutually agreeable settlement terms.

If you would like to discuss, we can schedule a telephone conference tomorrow or next week.   Just so you are aware, we do intend filing the attached complaint on Friday, March 5, 2021. That being said, we would be willing to extend that time frame should your client express a good-faith willingness to discuss the merits of the claims including potential settlement. Marc and I look forward to your response.

Thank you,


**George Triantis**
Attorney

**P:** (813) 577-4761
**F:** (813) 559-4870
**A:** 201 N Franklin St, 7th Floor, Tampa, FL 33602

**MORGAN & MORGAN**
FOR THE **PEOPLE**.COM

---

PRACTICE AREAS | LOCATIONS | ATTORNEYS | RESULTS

*A referral is the best compliment. If you know anyone that needs our help, please have them call our office 24/7.*

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

EXHIBIT 2

IN THE CIRCUIT COURT OF THE 20TH
JUDICIAL CIRCUIT IN AND FOR
LEE COUNTY, FLORIDA

CASE NO.: CACE-21-001948

DEBRA WHEELER,

     Plaintiff,

vs.

BUSEY BANK.,
a foreign profit corporation,

     Defendant.

_____/

## NOTICE OF FILING NOTICE OF REMOVAL

     PLEASE TAKE NOTICE that Defendant Busey Bank, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, has removed this action from the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida to the United States District Court for the Middle District of Florida. Attached as Exhibit A is a copy of the Notice of Removal, which has been filed in the United States District Court for the Middle District of Florida.

Dated: April 19, 2021.     Respectfully submitted,

     By: /s/ Michael A. Holt_____
          Michael A. Holt
          Florida Bar No.: 91156
          Alexander Castro
          Florida Bar No.: 1003630
          FISHER & PHILLIPS LLP
          450 East Las Olas Boulevard, Suite 800
          Fort Lauderdale, Florida 33301
          Telephone: (954) 525-4800
          Facsimile: (954) 525-8739
          mholt@fisherphillips.com
          acastro@fisherphillips.com

          *Attorneys for Defendant*

**EXHIBIT 3**

## CERTIFICATE OF SERVICE

I hereby certify that on **April 19, 2021**, I electronically filed the foregoing with the Clerk of the Court using Florida Courts E-Filing Portal. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by Florida Courts E-Filing Portal or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Michael A. Holt
Michael A. Holt

## Service List

| George G. Triantis | Michael A. Holt |
|---|---|
| gtriantis@forthepeople.com | mholt@fisherphillips.com |
| Florida Bar No.: 1015574 | Florida Bar No.: 91156 |
| Marc R. Edelman | Alexander Castro |
| medelman@forthepeople.com | acastro@fisherphillips.com |
| Florida Bar No.: 0096342 | Florida Bar No.: 1003630 |
| MORGAN & MORGAN, P.A. | FISHER & PHILLIPS LLP |
| 201 North Franklin Street, Suite 700 | 450 East Las Olas Boulevard, Suite 800 |
| Tampa, Florida 33602 | Fort Lauderdale, Florida 33301 |
| Telephone: (813)-223-5505 | Telephone: (954) 525-4800 |
| Facsimile: (813)-257-0572 | Facsimile: (954) 525-8739 |
| | |
| *Attorneys for Debra Wheeler* | *Attorneys for Busey Bank* |